IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JOHN DAVID KENNEMER | § | |
| VS. | § | CIVIL ACTION NO. 6:21cv266 |
| UTMB MEDICAL, et al. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff filed a pro se civil rights lawsuit pursuant to 42 U.S.C. § 1983. The case was referred to the undersigned for findings of fact, conclusions of law, and recommendations for the disposition of the case. It is before the Court on Defendants' motion to dismiss for failure to prosecute, to which Plaintiff has not responded. (Dkt. #32.)

It is well-settled that a plaintiff has an ongoing obligation and responsibility to inform the Court of his whereabouts through a current mailing address. *See Martinez-Reyes v. United States*, 2016 WL 8740494 *4 (S.D. Tex. Oct. 10, 2016) (explaining that "litigants, including prisoners, bear the burden of filing notice of a change of address in such a way that will bring attention of the court to address change.") (quoting *Theede v. U.S. Dep't of Labor*, 172 F.3d 1262, 1267 (10th Cir. 1999)). This requirement is memorialized in the Local Rules of the Eastern District of Texas: "A pro se litigant must provide the court with a physical address (i.e., a post office box is not acceptable) and is responsible for keeping the clerk advised in writing of his or her current physical address." Local Rule CV-11(d).

Plaintiff has been expressly advised of those requirements repeatedly through the course of this litigation. Specifically, the form on which Plaintiff filed his complaint informed him of his

responsibility to "inform the court of any change of address and its effective date" and that failure to do so "may result in the dismissal" of his lawsuit. (Dkt. #1 at 2.) Again, just above Plaintiff's signature, the complaint form required him to acknowledge this obligation: "I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit." (*Id.* at 18.) And finally, in its order granting Plaintiff leave to proceed *in forma pauperis*, the Court expressly instructed him to "notify the Court of any changes of address by filing a written notice" and cautioned that failure to do so "may result in the case being dismissed for want of prosecution." (Dkt. #17 at 3.)

The record demonstrates that Plaintiff is aware of his obligation to keep the Court apprised of his current mailing address. He filed one notice of change of address on September 20, 2021, upon his release from prison. (Dkt. #16.) And he received the Court's order reminding him of the need to notify the Court of any address changes on October 9, 2021. (Dkt. #22.)

Nevertheless, mail sent to Plaintiff by the Court since that time has been repeatedly returned as either unclaimed or undeliverable. (Dkt. ##29, 36.) Defendants advise that the initial discovery disclosures they mailed to Plaintiff on November 22, 2021, were also returned as undeliverable. (Dkt. #32 at 3.) They move to dismiss pursuant to Rule 41(b) of the Federal Rules of Civil Procedure on the basis that Plaintiff has failed to prosecute his case by failing to provide notice of his current mailing address. (Dkt. #32.)

A district court may dismiss an action for the failure of a litigant to prosecute or to comply with any order of the court. Fed. R. Civ. P. 41(b); *see also McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) ("The court possesses the inherent authority to dismiss the action sua sponte, without motion by a defendant."). Dismissal with prejudice for failure to comply with a court order

2

is an extreme sanction that should be employed only when "the plaintiff's conduct has threatened the integrity of the judicial process [in a way that] leav[es] the Court no choice but to deny that plaintiff its benefit." *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988) (citing *Rogers v. Kroger Co.*, 669 F.2d 317, 321 (5th Cir. 1982)). A court should consider lesser sanctions, such as fines, costs, damages, conditional dismissals, and dismissal without prejudice, among other lesser measures, prior to dismissing an action with prejudice. *McNeal*, 842 F.2d at 793.

Here, Plaintiff's failure to prosecute and to comply with the order to maintain a current address with the Court is not an action that threatens the judicial process—thereby rendering a dismissal with prejudice unwarranted. Therefore, upon consideration of all relevant factors, the Court has determined that the interests of justice are best served by a dismissal of this case without prejudice.

RECOMMENDATION

Accordingly, the undersigned recommends that Defendants' motion to dismiss (Dkt. #32) be granted and this action be dismissed without prejudice for Plaintiff's failure to prosecute this case.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to

factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

So ORDERED and SIGNED this 28th day of March, 2022.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE